The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with certain modifications. Accordingly, the Full Commission modifies and affirms the Deputy's Opinion and Award as follows.
***********
The Full Commission modifies and adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was employed by the North Carolina Department of Correction as a Probation and Parole Officer. Plaintiff found his job to be stressful and took two courses on stress management offered by the Office of Staff Development and Training. In August of 1989 Plaintiff began to complain of significant work related stress.
2. In 1989 Plaintiff was promoted to Electronic House Arrest Officer. After his promotion, Plaintiff completed a two week training course which included self-defense, firearm, and classroom training. Plaintiff, however, was subsequently demoted back to his Parole and Probation Officer position.
3. Plaintiff began seeing Dr. Daniel Gianturco, a board certified psychiatrist at Duke University Medical Center on 26 August 1992. Dr. Gianturco concluded that Plaintiff was suffering from a dysthymic disorder, which is a depressive state complicated by a high level of stress. He noted that Plaintiff's level of stress was high and that he was eating compulsively. He took Plaintiff out of work for two weeks to give Plaintiff the opportunity to concentrate on his own needs away from work. After Plaintiff returned to work, Dr. Gianturco saw no improvement and took him out of work for an indefinite period of time.
4. On 5 January 1993, Plaintiff was discharged from his position with Defendant-Employer.
5. Dr. Gianturco opined, and the Full Commission finds as fact, that Plaintiff's job stress was a major contributing factor to the development of his dysthymic disorder, and that the disciplinary action was an additional stress over and above a stressful job situation.
6. In 1995 Plaintiff began working part-time at Lord and Taylor as a salesman in the Sports Department. On 9 August 1996 Dr. Gianturco recommended that the Plaintiff leave this job because the stress of work exacerbated his anxiety disorder.
7. On 13 November 1993, an Opinion and Award in favor of Plaintiff was filed. However, the Defendants did not pay the benefits due under the Opinion and Award until June 1996. Defendants have since paid the 10% late payment fee.
8. Sixteen Thousand Two Hundred Sixty-two Dollars and Twenty-five Cents ($16,262.25) was the amount owed Plaintiff after credit allowed by the Opinion and Award. The Defendants withheld taxes from the Award in the amount of $6,024.93. In addition, Defendants withheld $2,355.05 for a retirement plan. Counsel was then awarded a 25% attorney's fee.
9. Plaintiff has submitted to Defendants medical bills for treatment for exacerbation of his diabetes which he contends is related to the stressful conditions of his employment, as well as bills for prescriptions and periodontal treatment.
10. The issue regarding Plaintiff's diabetes has been previously addressed in an Opinion and Award and is resjusicata. Since the Defendants provided no evidence that Plaintiff has suffered a change of condition for the better, the decision in the previous Opinion and Award stands.
11. Regarding Plaintiff's periodontal treatment, Dr. Michael S. Schroer indicated in a letter dated 29 July 1997, to the Full Commission, that "we have been treating Mr. James for his periodontal disease condition since March of 1995. Periodontal disease involves the loss of attachment and bone support in the supporting structures for the dentition. Mr. Lewis has advised me of his diabetic condition which can be a significant contributing factor in the progression and treatment course of periodontal disease. Research has shown that diabetic condition can be related to an increase potential for periodontal deterioration as well as possible compromise to the healing process. It has also been found that stress can play a significant factor in diabetes. We have completed nonsurgical as well as surgical periodontal treatment for Mr. Lewis and have recommended a continuing quarterly maintenance program to manage his continued periodontal status." Based on this opinion, the Full Commission finds that Plaintiff's periodontal condition was caused or aggravated by plaintiff's diabetic condition, which by prior Opinion and Award has been found to have been caused or aggravated by plaintiff's original compensable injury. Therefore, Defendants are responsible for Plaintiff's periodontal and diabetic treatment.
12. This appeal was brought, in part, by Defendant as a self-insured and by this Opinion and Award the Full Commission orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee. Plaintiff's present counsel rendered valuable legal counsel to plaintiff and is entitled to a reasonable fee. Based upon counsel's expertise and hours and services rendered in this case, a reasonable fee would be $2,562.50.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's former counsel has withdrawn. Plaintiff's current counsel, Henry Patterson, is entitled to reasonable attorney's fees in this case, to be taxed as part of the costs to Defendant. N.C. Gen. Stat. § 97-88.
2. Since the issue regarding Plaintiff's diabetic condition has already been addressed by former Deputy Commissioner Bernadine Balance, now Commissioner, in a prior Opinion and Award, that issue is res judicata and will not be addressed by the Full Commission.
3. Plaintiff is entitled to continued temporary total disability benefits at the current rate until further Order of the Commission, since there has been no showing that plaintiff's disability has ended. N.C. Gen. Stat. § 97-29.
4. Since Plaintiff's periodontal condition was caused or aggravated by his diabetic condition, which has been found to have been caused or aggravated by Plaintiff's original compensable injury, Defendants shall provide medical treatment for both Plaintiff's diabetic condition and his periodontal condition. N.C. Gen. Stat. § 97-25.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's present counsel's request for a reasonable attorney's fee is hereby GRANTED.
2. Defendants shall continue paying Plaintiff worker's compensation benefits at the current rate until further order of the Commission.
3. Defendants shall pay all medical expenses incurred by Plaintiff as a result of his diabetic condition and periodontal condition.
4. Defendant shall pay Plaintiff's attorney's fee in this matter in the amount of $2,563.50.
5. Defendants shall pay the costs due the Commission.
This the 12th day of October 1998.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER